## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **MIGUEL TEJADA, TONY CALDWELL, JUAN ALDERETE, and ANIVAR TORRES, Individually and On Behalf of All Others Similarly Situated,** | ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | **Civil Action No. _____** |
| **v.** | ) ) | ***JURY TRIAL DEMANDED*** |
| **LOWE'S HOME CENTERS, INC.,** | ) ) ) ) | |
| **Defendant.** | ) | |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Miguel Tejada, Tony Caldwell, Juan Alderete, and Anivar Torres ("Plaintiffs"), on behalf of themselves and on behalf of all other current and former similarly situated employees of Defendant (the "Collective Plaintiffs") assert the following claims.

## INTRODUCTION – NATURE OF THE ACTION

### 1.

This case arises out of Defendant Lowe's Home Centers. Inc.'s ("Defendant" or "Lowe's") unlawful mischaracterization of Plaintiffs and similarly

- 1 -

situated Loss Prevention Managers as exempt from overtime compensation under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Defendant wrongfully and willfully misclassifies these employees as exempt from overtime under the FLSA and refuses to compensate them for hours over 40 worked in any given week, much less provide the required time and a half overtime pay.

2.

Plaintiffs sue on behalf of themselves and other similarly situated Loss Prevention Managers who work for Lowe's and who elect to opt into this action pursuant to the FLSA, specifically, the collective action provision of the FLSA, 29 U.S.C. § 216(b).  Defendant has violated the wage and hour provisions of the FLSA by depriving Plaintiffs, as well as others similarly situated to Plaintiffs, of their lawful overtime wages.

3.

Since at least 2007, Defendant has willfully committed widespread violations of the FLSA by misclassifying its Loss Prevention Managers as salaried exempt employees regardless of their actual duties and responsibilities.   In actuality, the members of the collective class are not exempt from the wage and

hour laws. The misclassification class is the following: all Loss Prevention Managers employed by Defendant from December 26, 2008 forward.

4.

Defendant is liable for failing to pay these employees for all hours worked in excess of 40 hours per week at a rate of 1 ½ times their regular rate of pay.

5.

Plaintiffs and all similarly situated employees who elect to participate in this action seek unpaid compensation, an equal amount of liquidated damages, and pre-judgment interest, attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**JURISDICTION**

6.

Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this Complaint for unpaid overtime wages pursuant to the FLSA.

**VENUE**

7.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in the State of Georgia and within the Northern District of Georgia.

- 3 -

8.

Venue is also proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this Complaint occurred within the Northern District of Georgia.

## NAMED PARTIES

9.

Plaintiff Miguel Tejada ("Tejada") is an individual citizen of the State of Georgia.

10.

Tejada consents to opt in / join this FLSA collective action, as evidenced by Tejada's consent to opt in form, which is included in Exhibit A to this Complaint.

11.

Plaintiff Tony Caldwell ("Caldwell") is an individual citizen of the State of Georgia.

12.

Caldwell consents to opt in / join this FLSA collective action, as evidenced by Caldwell's consent to opt in form, which is included in Exhibit A to this Complaint.

13.

Plaintiff Juan Alderete ("Alderete") is an individual citizen of the State of Georgia.

14.

Alderete consents to opt in / join this FLSA collective action, as evidenced by Alderete's consent to opt in form, which is included in Exhibit A to this Complaint.

15.

Plaintiff Aniver Torres ("Torres") is an individual citizen of the State of Georgia.

16.

Torres consents to opt in / join this FLSA collective action, as evidenced by Torres's consent to opt in form, which is included in Exhibit A to this Complaint.

17.

Defendant is a corporation organized under the laws of the State of North Carolina, is licensed to do business in the State of Georgia, and has at least one office in Georgia and transacts business in the State of Georgia.

18.

Defendant may be served through its registered agent for service of process – Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

**<u>FACTUAL BACKGROUND</u>**

19.

Defendant operates retail stores that sell hardware, building, and related products to consumers and businesses throughout the United States.

20.

At all relevant times, Defendant has employed one or more "Loss Prevention Managers" at each of its retail stores.

21.

Loss Prevention Managers provide security and safety checks at Defendant's retail stores.

22.

Each of the Plaintiffs is currently employed at one of Defendant's stores as a Loss Prevention Manager.

23.

The job duties of Defendant's Loss Prevention Managers are uniform throughout the United States.

24.

Defendant's Loss Prevention Managers do not customarily or regularly direct the work of at least two or more other full-time employees or their equivalent.

25.

Defendant's Loss Prevention Managers do not have the authority to hire or fire any other employee.

26.

Defendant's Loss Prevention Managers do not provide suggestions or recommendations as to the hiring, firing, advancement, promotion or any other change of status of any other employee.

27.

The primary job duties of Defendant's Loss Prevention Managers have not included the performance of office or non-manual work directly related to the

management or general business operations of Defendant or Defendant's clients or customers.

28.

The primary job duties of Defendant's Loss Prevention Managers have not been, and do not include the, exercise of discretion and independent judgment with respect to matters of significance.

29.

The primary job duties of Defendant's Loss Prevention Managers have not been, and do not include, the performance of work requiring advanced technical knowledge, defined as work which has been predominately intellectual in character and which has included work requiring the consistent exercise of discretion and judgment.

30.

The primary job duties of Defendant's Loss Prevention Managers has not been, and does not include, the performance of work requiring invention, imagination, originality or talent in a recognized field or artistic or creative endeavor.

31.

Defendant has regularly suffered or permitted its Loss Prevention Managers, including each of the Plaintiffs, to work in excess of forty hours per work week and indeed has required them to do so.

32.

Defendant has willfully failed and refused to pay its Loss Prevention Managers, including each of the Plaintiffs, one and one half times his or her regular rate for hours worked in excess of forty hours per work week, in violation of the FLSA.

33.

Defendant has willfully misclassified its Loss Prevention Managers, including each of the Plaintiffs, as being exempt from overtime in violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

34.

Plaintiffs file this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and on behalf of the Collective Plaintiffs.

35.

The Collective Plaintiffs are any and all other current and former individuals employed by Defendant nationwide with the title / in the position / performing the duties of   "Loss Prevention Manager" at any time during the three years immediately preceding the filing of this Complaint, up through and including the date of Notice of this Complaint to all of the Collective Plaintiffs.

36.

At all relevant times, Plaintiffs and the Collective Plaintiffs are / were[1] similarly situated, have / had substantially similar job requirements and pay provisions, and are / were subject to Defendant's common decisions, policies, plans, programs, practices, procedures, protocols, routines and rules.

37.

Plaintiffs' claims against Defendant for willfully misclassifying them as being exempt from overtime in violation of the FLSA is essentially the same as that of the Collective Plaintiffs.

---

[1] The present tense is inserted for current employees and the past tense is asserted for former employees.

38.

Plaintiffs' claims against Defendant for willfully failing and refusing to pay them one and one half times their regular rate for hours that they worked in excess of forty hours per workweek in violation of the FLSA is essentially the same as that of the Collective Plaintiffs.

39.

There are more than one thousand potential Collective Plaintiffs (i.e., similarly situated current and former individuals employed by Defendant with the title / in the position "Loss Prevention Manager" on or after the date that is three years prior to the date of the filing of this Complaint).

40.

Each of these potential Collective Plaintiffs would benefit from the issuance of Notice of this Complaint and the opportunity to opt in / join this Complaint.

41.

The potential Collective Plaintiffs' names, current or last known telephone numbers, and current or last known addresses are readily available from Defendant.

42.

Notice of this Complaint and the opportunity to opt in / join this Complaint can be provided to all of the potential Collective Plaintiffs via first class mail to each Collective Plaintiff's current or last known address.

## CLAIM / CAUSE OF ACTION

## Willful Failure and Refusal to Pay Overtime in Violation of the FLSA

43.

Plaintiffs reallege and incorporate as if fully set forth herein the allegations set forth in all of the above paragraphs.

44.

Defendant regularly suffers or permits / regularly suffered or permitted Plaintiffs and the Collective Plaintiffs to work in excess of forty hours per work week in violation of the FLSA.

45.

Defendant has willfully failed and refused to pay Plaintiffs and the Collective Plaintiffs one and one half times their regular rate for hours that they worked in excess of forty hours per work week in violation of the FLSA.

46.

Defendant has willfully misclassified Plaintiffs and the Collective Plaintiffs as being exempt from overtime in violation of the FLSA.

47.

As a result of Defendant's willful violations of the FLSA, Plaintiffs and the Collective Plaintiff have suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and on behalf of the Collective Plaintiffs, pray for the following relief:

(a)     That the Court determine that this Complaint may be maintained as a collective action under 29 U.S.C. § 216(b) and as a class action under the Federal Rules of Civil Procedure;

(b)     That, at the earliest possible time, Plaintiffs be allowed to give Notice of this Complaint, or that the Court issue such Notice, to all current and former employees employed by Defendant with the title / in the position "Loss Prevention Manager" at any time during the three years immediately preceding the filing of this Complaint, up through and including the date of Notice.  Such current and former employees of

- 13 -

Defendant shall be informed that this Complaint has been filed, the nature of the Complaint and that they may join / opt in to this Complaint if they believe they are entitled to relief;

(c)     That the Court find that Defendant regularly suffers or permits / suffered or permitted Plaintiffs and the opt in Collective Plaintiffs to work in excess of forty hours per workweek in violation of the FLSA;

(d)     That the Court find that Defendant has willfully failed and refused to pay Plaintiffs and the opt in Collective Plaintiffs one and one half times their regular rate for hours that they worked in excess of forty hours per workweek in violation of the FLSA;

(e)     That the Court find that Defendant has willfully misclassified Plaintiffs and the opt in Collective Plaintiffs as being exempt from overtime in violation of the FLSA;

(f)     That the Court award Plaintiffs and the opt in Collective Plaintiffs all of their unpaid overtime pursuant to the FLSA;

(g)     That the Court award Plaintiffs and the opt in Collective Plaintiffs liquidated damages in an amount equal to the amount of their unpaid overtime pursuant to the FLSA;

- 14 -

(h)     That the Court order Defendant to cease and desist violating the FLSA as alleged in this Complaint, and to comply with the FLSA;

(i)     That the Court award Plaintiffs and the opt-in Collective Plaintiffs all of their attorneys' fees and costs pursuant to the FLSA and/or other applicable law;

(j)     That the Court award Plaintiffs and the opt-in Collective Plaintiffs such other and further relief as the Court deems just, proper or appropriate.

### ***JURY TRIAL DEMANDED***

Plaintiffs demand a jury by jury on all issues.

Respectfully submitted,

S/ Cheryl B. Legare
Edward D. Buckley
Georgia Bar No. 092750
edbuckley@buckleyklein.com
Daniel M. Klein
Georgia Bar No. 425037
dmklein@buckleyklein.com
Cheryl B. Legare
Georgia Bar No. 038553
cblegare@buckleyklein.com

BUCKLEY & KLEIN, LLP
1230 Peachtree St., Suite 900
Atlanta, Georgia 30309
Telephone: (404) 781-1100
Facsimile: (404) 781-1101

Counsel for Plaintiffs