**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MIGUEL TEJADA, TONY CALDWELL, JUAN ALDERETE, and ANIVAR TORRES, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. 1:11-CV-04519-CAP |
| LOWE'S HOME CENTERS, INC., | ) ) | |
| Defendant. | ) ) ) | |

<u>**MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFFS' MOTION TO EXTEND TIME FOR PLAINTIFFS TO
RESPOND TO DEFENDANT'S MOTION TO DISMISS**</u>

Defendant Lowe's Home Centers, Inc. ("Lowe's") hereby submits the following Memorandum of Law In Opposition To Plaintiffs' Motion To Extend Time For Plaintiffs To Respond To Defendant's Motion To Dismiss.

**I.     <u>INTRODUCTION</u>**

This Court should deny Plaintiffs' motion for a second extension of time in which to respond to Lowe's pending Motion to Dismiss. Plaintiffs have not and cannot establish the requisite "good cause" needed to obtain yet another extension.

Lowe's moved to dismiss the class claims asserted in Plaintiffs' Complaint based on the first-filed rule because the *Pastorius* Action was filed before this case. Plaintiffs now seek a second extension of time to respond to Lowe's Motion, claiming that a ruling on Defendant's Motion to Dismiss would be premature until the Texas Court decides whether to approve the settlement in the first-filed *Pastorius* action.  Application of the "first-to-file" rule to this action, however, does not and will not turn on what eventually *might* happen to the settlement in the *Pastorius* Action.  Nor does it turn on whether Plaintiffs and other putative class members ultimately decide to opt-in to the *Pastorius* settlement.

The bottom line is that Plaintiffs' class claims must be stricken because another action already has been filed asserting substantially similar class claims on behalf of substantially similar parties. In fact, Plaintiffs concede this in their motion for an extension, admitting that "[a]ll named-Plaintiffs and opt-in Plaintiffs in this action are potential opt-in members of the provisionally certified class in the [*Pastorius*] Action."  Motion, at 2.  Plaintiffs further concede that "only one FLSA action may proceed as an opt-in class action."  *Id.* at 4.

Thus, additional time will not change the fact that the *Pastorius* action was filed first and the class allegations in this case must be dismissed.  For this very reason, during the meet and confer discussions regarding Plaintiffs' request for a

second extension, Lowe's suggested that Plaintiffs stipulate to a resolution of Lowe's Motion to Dismiss that would provide for dismissal of Plaintiffs' class claims because it sounded like the parties were in agreement that such a dismissal was proper.  Plaintiffs, however, refused, notwithstanding the admitted merits of Lowe's Motion to Dismiss.

Lowe's has cited numerous cases supporting its Motion, and Plaintiffs offer not one case that took the "wait and see" approach advocated by Plaintiffs here. Plaintiffs' request for an extension is, in effect, a request to keep their improper class claims alive when there is no basis to do so.  Lowe's is entitled to a prompt ruling on its Motion to Dismiss and would be unfairly prejudiced if this Court were to delay ruling.  Indeed, the first-filed rule is designed to prevent precisely this type of situation where a Defendant faces the uncertainty and burden of two duplicative class actions.

Moreover, there is risk of confusion to the putative class by not dismissing the improper class claims in this action right away.  In fact, some people already have tried to "opt-in" to this case, apparently believing that it is proper to do so. Given the clear application of the first-filed rule, however, these opt-ins are improper, and it is prejudicial to the putative class to lead them to believe otherwise. Thus, allowing Plaintiffs' improper class claims to stand for the

additional time they seek will only risk creating similar confusion for others.  Thus, Plaintiffs' request for another extension should be denied.[1]

## II.   <u>BACKGROUND</u>

Plaintiffs filed this lawsuit on December 27, 2011, asserting collective claims against Lowe's under the FLSA and alleging that Lowe's "wrongfully and willfully misclassifie[d] [its LPMs] as exempt from overtime under the FLSA and refuse[d] to compensate them for hours over 40 worked in any given week, much less provide the required time and a half overtime pay."  Complaint ¶ 1.

However, another individual had already brought the same lawsuit in the United States District Court for the Eastern District of Texas (and in fact, that lawsuit had already been on file for nearly six (6) months).  *Ian Pastorius, et al., v. Lowe's Home Centers, Inc., et al.*, Case No. 3:11-cv-00307 (the "*Pastorius* Action").  Accordingly, Lowe's moved to dismiss Plaintiffs' later-filed, duplicative lawsuit (the "Motion to Dismiss").  (Docket Entry No. 9.)

Plaintiffs first sought Lowe's agreement to extend their deadline to respond to Lowe's Motion to Dismiss in early February.  Plaintiffs represented to Lowe's

---

[1] Plaintiffs purport to question the adequacy of the arms' length settlement reached in *Pastorius*.  While Lowe's strongly disagrees with any such suggestion (as would the 3 separate law firms who represent the class), that is an issue for the *Pastorius* court.  It is certainly not a defense to the first filed doctrine or a basis to stay Plaintiffs' duplicative, improper class and collective claims.

and to the Court that they were unable to timely respond to Lowe's Motion because one of their lawyers was "out of town on vacation and unavailable to respond to the motion."   (Docket Entry No. 12.)   As a matter of professional courtesy, Lowe's consented to one 30-day extension.   (*Id.*)   Based on the stipulation of the parties, the Court granted Plaintiffs one 30-day extension.   [*See* Docket Entries Nos. 13-15.]

Plaintiffs now seek a second extension.   On March 12, two days before Plaintiffs' deadline to respond to Lowe's Motion to Dismiss, Plaintiffs' counsel contacted Lowe's counsel, seeking even more time to respond to the Motion -- more than sixty (60) days to be precise.   Plaintiffs indicated that they wanted more time so that they could "wait-and-see" what happened in the *Pastorius* Action before having to respond to Lowe's Motion.   Plaintiffs also claimed that they wanted more time to mull over whether they wanted to opt-in to the *Pastorius* settlement.   Notwithstanding the concession in their motion that "only one FLSA action may proceed as an opt-in class action" (Motion, at 4), Plaintiffs refused even to consider a resolution of Lowe's Motion to Dismiss that provided for the dismissal of Plaintiffs' class claims.

Because Lowe's had already consented to a 30-day extension based on Plaintiffs' prior claimed inability to respond, because Plaintiffs would not even

consider a resolution of Lowe's Motion to Dismiss notwithstanding their concessions as to the Motion's merits, and because Plaintiffs' "wait-and-see" approach does not square with "first-to-file" jurisprudence, Lowe's informed Plaintiffs that it would not consent to another extension since such an extension was not justified and would prejudice Lowe's.

## III.    THE STANDARD FOR OBTAINING AN EXTENSION

The standard for obtaining an extension of time under Federal Rule of Civil Procedure 6(b)(1) is plain:  "When an act may or must be done within a specified time, the court may, *for good cause*, extend the time … if a request is made, before the original time or its extension expires."   Fed. R. Civ. P. 6(b)(1) (emphasis added).  As shown below, Plaintiffs fall far short of this standard.  They have not and cannot establish good cause to justify yet another extension of time in which to respond to Lowe's Motion to Dismiss.

## IV.    THERE IS NO GOOD CAUSE TO JUSTIFY ANOTHER EXTENSION

For multiple reasons, Plaintiffs have not and cannot establish the requisite good cause to justify yet another extension:

*First*, Plaintiffs do not *need* additional time to respond to Lowe's Motion to Dismiss.  Indeed, Plaintiffs openly admit that they are not seeking an extension based on some unforeseen emergency that makes it impossible or impracticable for

them to timely respond to Lowe's Motion.  Instead, Plaintiffs seek a protracted extension simply because they *want* more time to mull over the terms of the *Pastorius* settlement[2] and "wait-and-see" whether other putative class members opt-in to the *Pastorius* settlement.  Motion, at 3.  But that is no basis for an extension.

*Second*, and for that very reason, Plaintiffs cannot establish the requisite good cause required under Rule 6(b) to justify yet another extension.  Plaintiffs' "wait-and-see" approach to Lowe's Motion to Dismiss simply does not amount to good cause.

For starters, Plaintiffs cannot avoid application of the "first-to-file" rule based on their "future plans" or "stated intentions" with respect to the first-filed *Pastorius* Action.  Motion, at 3.  In fact, case law prevents them from doing so:

> [P]laintiffs argue that they intend to withdraw from the [first-filed] action if this case is allowed to proceed and the court certifies a class action.  This argument does not carry the day.  **Whatever plaintiffs' stated intentions, the fact remains that they are currently parties in the [first-filed] action, and it is this fact, not**

---

[2] Plaintiffs' claimed need for additional time to mull over the settlement is a ruse.  Plaintiffs' attempts to negatively characterize the terms of the *Pastorius* settlement (which a United States District Court has already preliminarily approved) demonstrates that they have already made up their minds regarding the settlement, and at bottom, do not need until the Summer to do so.  Motion, at 2-3.

> **plaintiffs' future plans, that the court finds controlling**.

*Walker v. Progressive Cas. Ins. Co.*, 2003 U.S. Dist. LEXIS 7871 (W.D. Wash. May 9, 2003) (emphasis added).

Similarly, and even more tenuous, Plaintiffs cannot avoid application of the "first-to-file" rule through speculative assertions as to how other Loss Prevention Managers ("LPMs") might proceed and whether those LPMs ultimately will decide to opt-in to the *Pastorius* Action. Again, *Walker* is directly on point and controlling on this issue.

In *Walker*, the plaintiffs, a group of insurance adjusters, sought to avoid dismissal of their duplicative wage-and-hour putative class action lawsuit under the "first-to-file" rule. Among other things, the plaintiffs argued that "the deadline for opting in to the [first-filed] action passed on March 10, 2003 and that the [first-filed] class only includes those persons who opted in to the class by the cut-off date." *Walker*, 2003 U.S. Dist. LEXIS 7871, at **6-7. According to the plaintiffs, there were "several Washington insurance adjusters who did not opt into [the first-filed action] but who could be parties in this action." *Id.* at *7. Thus, according to the plaintiffs, "[i]f the court were to dismiss this action, … then those insurance adjusters would have no remedy" because "the statute of limitations has expired

for bringing a separate action, and, as noted above, the deadline for opting into [the first-filed action] has passed." *Id.* The court soundly rejected that argument:

> These facts do not change the outcome. The adjusters who elected not to opt in to [the first-filed action] received notice of that action, and, for whatever reason, elected not to opt in. They could have filed a timely independent action but likewise did not do so. **Plaintiffs here cannot use other adjusters' legal predicament to demonstrate that this case should proceed on their behalf**.

*Id.* (emphasis added). Thus, even where the possible opt-ins would have been foreclosed from pursuing any other legal remedy, the court held that the result must be the same under the "first-to-file" rule. Here, no one is in anything like the legal predicament in *Walker*. Any of the named Plaintiffs or putative opt-in Plaintiffs in this case can choose not to join the *Pastorius* settlement and can bring their own lawsuits. Indeed, Tejada and the three other named Plaintiffs have already done so.

Across the board, courts routinely reject similar attempts by plaintiffs to avoid application of the "first-to-file" rule under a "wait-and-see" approach. *See*, *e.g.*, *Abushalieh v. Am. Eagle Express, Inc.*, 716 F. Supp. 2d 361, 366 (D.N.J. 2010) ("The Court sees no need to wait until a decision is made on a motion for class certification in [the first-filed action] before applying the first-filed rule, because both cases are already being litigated on behalf of the same set of

proposed plaintiffs, making the parties 'essentially the same.'"); *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 689, 690 (E.D. Tenn. 2005) (rejecting plaintiff's assertion that, "due to the opt-in feature of the collective action under 29 U.S.C. § 216(b)," the collective classes in each action could end up being different: "That the collective classes in each action will ultimately contain different individuals if both actions proceed is of little significance" because "the same individuals could receive two opt-in notices for the same claim but in different courts"); *Fisher v. Rite Aid Corp.*, 2010 U.S. Dist. LEXIS 56383, at *7 (D. Md. June 8, 2010) (dismissing second-filed action even though "the classes in the two cases *may eventually* include different individuals") (emphasis added).

And there is good reason to reject Plaintiffs' "wait-and-see" approach here. The *only* three factors to be addressed by Lowe's Motion to Dismiss are: "(1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake." *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 688 (E.D. Tenn. 2005); *see also Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625-26 (9th Cir. 1991); *Thomas & Betts Corp. v. Hayes*, 222 F. Supp. 2d 994, 996 (W.D. Tenn. 2002); *Smithers-Oasis Co. v. Clifford Sales and Mktg.*, 194 F. Supp. 2d 685, 687 (N.D. Ohio 2002); *Plating Resources, Inc. v. UTI Corp.*, 47 F. Supp. 2d 899, 903-04 (N.D. Ohio 1999).  None of those three factors

even touches upon a "wait-and-see" approach.  All three factors can be discerned immediately through a simple comparison of the respective complaints filed in this action and in the *Pastorius* Action.  Anything else is legally irrelevant.  In fact, Plaintiffs concede all three factors in their motion seeking an extension, admitting that "[a]ll named-Plaintiffs and opt-in Plaintiffs in this action are potential opt-in members of the provisionally certified class in the [*Pastorius*] Action" and that "only one FLSA action may proceed as an opt-in class action"  Motion, at 2, 4. With those concessions, Plaintiffs leave nothing open to resolve and obviate any claimed need for further postponements to the resolution of Lowe's Motion to Dismiss.

*Third*, and even though it is unnecessary for Lowe's to make such a showing, Lowe's will be prejudiced, and there is significant risk of confusion among the putative class members if the Court pushes the deadline for Plaintiffs' response out until May 28, 2012. *The entire purpose of the "first-to-file" rule is to prevent the ongoing maintenance of duplicative lawsuits and the uncertainty that such duplicative cases presents*.  Moreover, there is very real risk of confusion to the putative class by not dismissing the improper class claims in this action right away.  If the class claims are allowed to stand, even temporarily, there is risk that putative class members will believe that they could be allowed to opt-in to this

11

case.  In fact, some people already have tried to "opt-in" to this case, apparently believing that it is proper to do so.  Given the clear application of the first-filed rule, however, these opt-ins are improper, and it is prejudicial to the putative class to lead them to believe otherwise.  Thus, Plaintiffs' request for another extension should be denied.

## V.   <u>CONCLUSION</u>

For these reasons, the Court can and should deny Plaintiffs' request for yet another extension to Lowe's Motion to Dismiss.  Plaintiffs should be forced to respond to Lowe's Motion immediately or concede to the merits of the same (as it appears they have done already).

Respectfully submitted, this 14th day of March, 2012.

s/ Emily Burkhardt Vicente
Emily Burkhardt Vicente
GA Bar No. 444099
ebvicente@hunton.com
Robert T. Dumbacher
GA Bar No. 594903
rdumbacher@hunton.com
HUNTON & WILLIAMS LLP
600 Peachtree Street, N.E., Suite 4100
Atlanta, Georgia 30308-2216
(404) 888-4000  Telephone
(404) 888-4190  Facsimile


Counsel for Defendant
Lowe's Home Centers, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MIGUEL TEJADA, TONY CALDWELL, JUAN ALDERETE, and ANIVAR TORRES, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 1:11-CV-04519-CAP |
| LOWE'S HOME CENTERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7.1, N.D. Ga., the undersigned counsel certifies that this brief was prepared with Times New Roman (14 point), one of the font and point selections approved by the Court in Local Rule 5.1B, N.D. Ga.

This the 14th day of March, 2012.

s/ Emily Burkhardt Vicente
Georgia Bar No. 444099

Counsel for Defendant
Lowe's Home Centers, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MIGUEL TEJADA, TONY                        )
CALDWELL, JUAN ALDERETE,                    )
and ANIVAR TORRES, Individually             )
and On Behalf of All Others Similarly       )
Situated,                                   )
                                            )
      Plaintiffs,                           )
                                            )
v.                                          )       CIVIL ACTION FILE
                                            )       NO. 1:11-CV-04519-CAP
LOWE'S HOME CENTERS, INC.,                  )
                                            )
      Defendant.                            )
_____ )

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the 14th day of March, 2012, I electronically filed the foregoing OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND TIME FOR PLAINTIFFS TO RESPOND TO DEFENDANT'S MOTION TO DISMISS with the Clerk of the Court and caused same to be served via ECF upon:

        Edward D. Buckley; Daniel M. Klein; Cheryl B. Legare
        BUCKLEY & KLEIN, LLP
        1230 Peachtree Street, Suite 900
        Atlanta, GA  30309

                  /s/ Emily Burkhardt Vicente
                  Counsel for Defendant
                  Lowe's Home Centers, Inc.