UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MIGUEL TEJADA, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | File No. 1:11-cv-04519-CAP |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| LOWE'S HOME ) | |
| CENTERS, INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF MIGUEL TEJADA'S AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 15, Plaintiff Miguel Tejada ("Plaintiff") files this Amended Complaint against Defendant Lowe's Home Centers, Inc. ("Defendant").

**INTRODUCTION – NATURE OF THE ACTION**

1.

This case arises out of Defendant's unlawful mischaracterization of Plaintiff, a Loss Prevention Manager, as exempt from overtime compensation under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). Defendant wrongfully and willfully misclassified Plaintiff as exempt from overtime under the FLSA and refused to compensate him for hours over 40 worked in any given week, much less provide the required time and a half overtime pay.

2.

Defendant has violated the wage and hour provisions of the FLSA by depriving Plaintiff of his lawful overtime wages.

3.

Since at least 2007, Defendant has willfully committed widespread violations of the FLSA by misclassifying its Loss Prevention Managers as salaried exempt employees regardless of their actual duties and responsibilities.

4.

Defendant is liable for failing to pay Plaintiff for all hours worked in excess of 40 hours per week at a rate of 1-1/2 times his regular rate of pay.

5.

Plaintiff seeks unpaid compensation, an equal amount of liquidated damages, pre-judgment interest, attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**JURISDICTION**

6.

Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over Plaintiff's claim for unpaid overtime wages pursuant to the FLSA.

## VENUE

7.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in the State of Georgia and within the Northern District of Georgia.

8.

Venue is also proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this Complaint occurred within the Northern District of Georgia.

## PARTIES

9.

Plaintiff Miguel Tejada ("Tejada") is an individual citizen of the State of Georgia.

10.

Defendant is a corporation organized under the laws of the State of North Carolina, is licensed to do business in the State of Georgia, and has at least one office in Georgia and transacts business in the State of Georgia.

11.

Defendant may be served through its registered agent for service of process, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

## FACTUAL BACKGROUND

12.

Defendant operates retail stores that sell hardware, building, and related products to consumers and businesses throughout the United States.

13.

At all relevant times, Defendant has employed one or more "Loss Prevention Managers" at each of its retail stores.

14.

Loss Prevention Managers provide security and safety checks at Defendant's retail stores.

15.

At all times relevant, Plaintiff was employed at one of Defendant's stores as a Loss Prevention Manager.

16.

Plaintiff did not customarily or regularly direct the work of at least two or more other full-time employees or their equivalent.

17.

Plaintiff did not have the authority to hire or fire any other employee.

18.

Plaintiff did not provide suggestions or recommendations as to the hiring, firing, advancement, promotion or any other change of status of any other employee.

19.

Plaintiff's primary job duties did not include the performance of office or non-manual work directly related to the management or general business operations of Defendant or Defendant's clients or customers.

20.

Plaintiff's primary job duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

21.

Plaintiff's primary job duties did not include the performance of work

requiring advanced technical knowledge, defined as work which has been predominately intellectual in character and which has included work requiring the consistent exercise of discretion and judgment.

22.

Plaintiff's primary job duties did not include the performance of work requiring invention, imagination, originality or talent in a recognized field or artistic or creative endeavor.

23.

Defendant regularly suffered or permitted Plaintiff to work in excess of forty hours per work week and indeed has required them to do so.

24.

Defendant willfully failed and refused to pay Plaintiff one and one half times his regular rate of pay for hours worked in excess of forty hours per work week, in violation of the FLSA.

25.

Defendant willfully misclassified its Loss Prevention Managers, including Plaintiff, as being exempt from overtime in violation of the FLSA.

## COUNT I
## Willful Failure to Pay Overtime in Violation of the FLSA

26.

Plaintiff incorporates by reference all preceding paragraphs of the Amended Complaint.

27.

Defendant regularly suffered or permitted Plaintiff to work more than forty hours per work week and willfully failed and refused to pay Plaintiff one and one half times his regular rate of pay for hours he worked in excess of forty hours per work week in violation of the FLSA.

28.

Defendant willfully misclassified Plaintiff as exempt from overtime in violation of the FLSA.

29.

Defendant knew, or showed reckless disregard, for the fact that it failed to pay Plaintiff for overtime hours worked.

30.

As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered a loss of income and other damages.

31.

As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to unpaid overtime wages, liquidated damages, and attorneys' fees and costs incurred in connection with this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a) That the Court find that Defendant regularly suffered or permitted Plaintiff to work in excess of forty hours per workweek in violation of the FLSA;

(b) That the Court find that Defendant has willfully failed and refused to pay Plaintiff one and one half times their regular rate for hours that he worked in excess of forty hours per workweek in violation of the FLSA;

(c) That the Court find that Defendant has willfully misclassified Plaintiff as exempt from overtime in violation of the FLSA;

(d) That the Court award Plaintiff all of his unpaid overtime pursuant to the FLSA;

(e) That the Court award Plaintiff liquidated damages in an amount equal to the amount of his unpaid overtime pursuant to the FLSA;

(f) That the Court order Defendant to cease and desist violating the FLSA as alleged in this Complaint, and to comply with the FLSA;

(g) That the Court award Plaintiff his reasonable attorneys' fees and costs pursuant to the FLSA and/or other applicable law;

(h) That the Court award Plaintiff such other and further relief as the Court deems just, proper or appropriate.

## JURY TRIAL DEMANDED

Plaintiff demands a jury by jury on all issues.

    Respectfully submitted,

    s/ Cheryl B. Legare
    Edward D. Buckley
    Georgia Bar No. 092750
    edbuckley@buckleyklein.com
    Daniel M. Klein
    Georgia Bar No. 425037
    dmklein@buckleyklein.com
    Cheryl B. Legare
    Georgia Bar No. 038553
    cblegare@buckleyklein.com

BUCKLEY & KLEIN, LLP
Promenade II, Suite 900
1230 Peachtree Street NE
Atlanta, Georgia  30309
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101

Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MIGUEL TEJADA, ) | |
| ) | |
|     Plaintiff, ) | CIVIL ACTION |
| ) | File No. 1:11-cv-04519-CAP |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| LOWE'S HOME ) | |
| CENTERS, INC., ) | |
| ) | |
|     Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **PLAINTIFF MIGUEL TEJADA'S AMENDED COMPLAINT** was filed with the Clerk of Court by using the CM/ECF system, which will automatically send documentation of such filing to the following attorneys of record:

    Robert T. Dumbacher
    Emily Burkhardt Vicente

This 2nd day of August, 2012.

                                    /s/ Cheryl B. Legare
                                    Counsel for Plaintiff