# EXHIBIT A

<u>**CONFIDENTIAL FLSA SETTLEMENT AGREEMENT AND RELEASE**</u>

This Confidential FLSA Settlement Agreement and Release ("Agreement") is entered into by and between Defendant Lowe's Home Centers, Inc. ("Defendant"), on the one hand, and Plaintiff Miguel Tejada ("Plaintiff"), on the other hand.  Defendant and Plaintiff are collectively referred to herein as the "Parties."

**I.**

<u>**RECITALS**</u>

WHEREAS, Plaintiff Miguel Tejada was employed by Defendant Lowe's Home Centers, Inc. from on or about April 26, 2011 until April 9, 2012, having last worked at its store in Newnan, Georgia (# 33);

WHEREAS, Plaintiff asserts claims under the Fair Labor Standards Act in a complaint entitled *Miguel Tejada v. Lowe's Home Centers, Inc.,* in the United States District Court for the Northern District of Georgia, Case No. 1:11-cv-04519-CAP ("the Lawsuit");

WHEREAS, the Parties seek to compromise and settle the Lawsuit between them, believing such settlement to be in their respective best interests in light of the expense and uncertainty of litigation, and without admission of any liability, fact, claim or defense, on the terms and conditions set forth herein.

**II.**

<u>**AGREEMENT**</u>

NOW, THEREFORE, in consideration of the mutual promises contained herein, and for good consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. <u>No Admission of Liability</u>.  The Parties acknowledge and agree that this Agreement is a compromise and settlement of each party's disputed claims and/or defenses and that neither the execution nor the terms hereof may be construed as an admission of liability on the part of any party with respect to the disputed matters. Nothing contained in this Agreement may be used by, for, or against either Party and shall not be admissible in any other proceedings, actions, or lawsuits.

2. <u>Payment by Defendant</u>.  By the later of either of the following: (A) thirty (30) calendar days from receipt by Defendant's counsel of all of the following: (1) the original executed Agreement by Plaintiff, (2) an executed Amended Joint Motion to Approve Settlement and (3) fully executed W-9 forms by both Plaintiff and Plaintiff's counsel, or (B) ten (10) calendar days from issuance of an order by the District Court approving this settlement and the terms of this Agreement and dismissing the Lawsuit, Defendant shall make a gross payment to

Plaintiff and his counsel in the amount of TEN THOUSAND DOLLARS AND NO CENTS ($10,000.00) (the "Settlement Proceeds"). The Settlement Proceeds shall be delivered to counsel for Plaintiff and payable as follows:

    a.    Defendant shall pay a total of $8,000 to Plaintiff, in the following manner: Defendant shall issue two payroll-type checks, each in the gross amount of $4,000.00, less applicable withholdings, made payable to "Miguel Tejada." This amount is allocated to settle disputed claims for Plaintiff's alleged lost wages under the FLSA and will be subject to applicable federal and state payroll tax withholdings; and

    b.    Defendant shall issue a check in the amount of $2,000.00 made payable to "Buckley & Klein, LLP" for Plaintiff's alleged attorneys' fees and costs. Defendant will issue Forms 1099 for this payment to Plaintiff and Plaintiff's counsel.

    c.    Plaintiff acknowledges and agrees that he is solely and entirely responsible for the payment and discharge of any additional federal, state, and local taxes, if any, that may, at any time, be found to be due upon or as a result of the Settlement Proceeds paid by Defendant hereunder. Plaintiff agrees to indemnify and hold Defendant harmless from any claim or liability for any such taxes and related penalties and/or interest, as a result of any failure by Plaintiff to pay taxes owed by him as a result of the settlement and payment of the Settlement Proceeds.

    d.    The parties agree that if the Court does not approve this Agreement and the settlement, this Agreement shall become null and void, and the parties shall return to their respective statuses as of the date and time an agreement to settle this matter was reached and the parties shall proceed in all respects as if this Agreement had not been entered into. Neither this Agreement, its terms nor the fact that the parties had reached a settlement shall be referenced or used against either party in this or any future litigation.

3.    <u>Fair And Reasonable Settlement</u>. The parties agree that this settlement was reached as a result of arms-length negotiation. Plaintiff contends that Defendant failed to pay overtime to which he was entitled and retaliated against him by terminating his employment in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Defendant denies these allegations and contends that Plaintiff was properly classified as exempt from overtime. The parties also dispute, among other issues, the number of hours Plaintiff worked in the weeks covered by his FLSA claim and what Defendant's reasons were for terminating Plaintiff's employment. In light of these disputed positions, the parties acknowledge and agree that this settlement and the terms of this agreement are fair and reasonable taking into account the risks and uncertainties of litigation.

4.    <u>Dismissal of the Lawsuit</u>. Plaintiff agrees to authorize and cause his attorneys to execute for filing the Amended Joint Motion to Approve Settlement. Plaintiff agrees to dismiss

the Lawsuit against Defendant with prejudice and to deliver to counsel for Defendant any documents necessary to effectuate such dismissal, including but not limited to an executed Joint Stipulation of Dismissal with Prejudice of the Lawsuit.  Plaintiff affirms that he has authorized his attorneys to execute and cause to be filed a Amended Joint Motion to Approve Settlement and Amended Joint Stipulation of Dismissal with Prejudice of the Lawsuit and any other documents necessary to effectuate the dismissal of this Lawsuit with prejudice.

      5.    <u>Fees and Costs</u>.  Except as provided herein, the Parties shall bear their own fees and costs (including but not limited to attorneys' fees) incurred in connection with the Lawsuit.

      6.    <u>General Release and Waiver of FLSA Claims</u>.  In exchange for the consideration provided in this Agreement, Plaintiff agrees to settle, release, and waive any and all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether known or unknown, that he has or may have against Defendant and its affiliates, and each of its past, present, and future officers, employees, attorneys, agents, assigns, insurers, representatives, counsel, benefit plan administrators, other administrators, successors, parent companies, subsidiaries, shareholders, and/or directors (collectively, the "Released Parties"), whether in tort, contract, statute, rule, ordinance, order, regulation, or otherwise, that has occurred up to the date of execution of this Agreement which could constitute a violation of state or federal wage and hour laws (including prohibitions against retaliation), including but not limited to those arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, including claims based upon the conduct complained of in the Lawsuit. Plaintiff also specifically releases, settles and waives any and all claims asserted in the Lawsuit or that could have been asserted against the Released Parties.

      7.    <u>Pursuit of Released Claims</u>.  Plaintiff agrees and represents that he will not be a class action representative or in the future file any claim, lawsuit, or complaint against any Released Party based on the claims released in this Agreement.  Plaintiff also agrees that the Released Parties will not be required to pay any amount they might otherwise be obligated to pay, if someone were to bring a lawsuit in which he/she represents Plaintiff in a representative or class action based on the claims released in this Agreement.  Plaintiff promises never to seek any damages, remedies, or other relief for himself personally (any right to which he hereby waives) by filing or prosecuting a charge with any administrative agency with respect to any claim purportedly released by this Agreement.  Nothing herein precludes any Party from pursuing a claim for breach of this Agreement.

      8.    <u>Application for Employment</u>.  Plaintiff agrees that he will not apply for employment or seek reinstatement with Lowe's, and that he will not be eligible for such employment or reinstatement.  Plaintiff agrees that the fact of this Agreement constitutes a legitimate, non-discriminatory, and non-retaliatory reason for rejecting any application for employment with Lowe's.  Should Plaintiff, in breach of this Agreement, become employed with Lowe's, Plaintiff agrees that the fact of this Agreement constitutes a legitimate, non-discriminatory, and non-retaliatory reason for terminating such employment.

      9.    <u>No Other Action</u>.  Plaintiff represents that, other than the Lawsuit, he has not filed nor authorized the filing of any complaints, charges, or lawsuits against Defendant with any federal, state, or local court, governmental agency, or administrative agency, and that if,

unbeknownst to Plaintiff, such a complaint, charge, or lawsuit has been filed on his behalf, he will use his best efforts to cause it immediately to be withdrawn and dismissed with prejudice.

10.     Governing Law.  This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia.

11.     Retention of Jurisdiction.  The Parties agree that the United States District Court for the Northern District of Georgia will retain jurisdiction over the settlement and this Agreement.  This Agreement is binding and may be enforced by a motion or by any other procedure permitted by law.

12.     Agreement to be Construed Fairly.  This Agreement is to be construed fairly and not in favor of or against any party, regardless of who drafted or participated in the drafting of its terms.  Any rule of construction that a document is to be construed against the drafting party shall not be applicable to this Agreement.

13.     No Assignment.  Plaintiff represents and warrants that (a) there has been no assignment or other transfer of any interest in the claims which he has or may have that are being released herein, and he shall indemnify, hold harmless, and defend Defendant from any liability, claims, demands, damages, costs, expenses, and reasonable outside attorneys' fees incurred as a result of any such assignment or transfer contrary to the foregoing representation; and (b) Plaintiff owns all claims, demands, and causes of action which he releases by this Agreement, which release is free and clear from all liens, claims, and encumbrances.

14.     Authority to Enter into Agreement.  Each of the Parties represents and warrants that any person executing this Agreement on his, her, or its behalf has the full right and authority to enter into this Agreement on behalf of said party, and has the full right and authority to execute this Agreement and to fully bind that party to the terms and obligations as set forth in this Agreement.  Each of the persons signing this Agreement on behalf of the Parties or Plaintiff's counsel hereto makes the same warranties referred to herein.

15.     Consultation with Counsel.  Each of the Parties to the Agreement represents and warrants that this Agreement has been voluntarily and knowingly executed by the Parties after having had the opportunity to consult with legal counsel.  The Parties declare that they know and understand the contents of this Agreement, and that they have executed it voluntarily.

16.     No Improper Actions or Omissions.  Plaintiff represents and warrants that, other than the matters raised in the Lawsuit, he has no knowledge of any illegal actions or omissions by Lowe's,[1] nor does he know of any basis on which any third party or governmental entity could assert such a claim.  This expressly includes any and all conduct that potentially could give rise to claims under the Sarbanes-Oxley Act of 2002.  Plaintiff affirms that he has no information concerning any conduct involving Lowe's that he has any reason to believe may be unlawful or that involves any false claims to the United States.  Plaintiff promises to cooperate fully in any

---

[1] In this paragraph, "Lowe's" refers to Lowe's Home Centers, Inc. and its parents, subsidiaries, and affiliates.

investigation Lowe's undertakes into matters that occurred during his employment with Lowe's. Plaintiff understands that nothing in this Agreement prevents him from cooperating with any U.S. government investigation. In addition, to the fullest extent permitted by law, Plaintiff hereby irrevocably assigns to the U.S. government any right he might have to any proceeds or awards in connection with any false claims proceedings against Lowe's or any affiliated entity.

17. <u>Acknowledgements</u>. Plaintiff acknowledges that he has read this Agreement and that he understands its terms. Plaintiff further acknowledges and agrees that Defendant is not undertaking to advise Plaintiff with respect to any tax consequences of this Agreement and that Plaintiff is solely responsible for determining those consequences. Plaintiff acknowledges and agrees that all salary or wage compensation due him by Defendant, whether by contract or by law, has been paid in full, and he has been provided all rights and benefits to which he is entitled without interference by Defendant, including, but not limited to, vacation, sick time, paid or unpaid time off, family and medical leave, accommodation for any disability, or any contractual rights or privileges, and that Plaintiff has no outstanding claims for any compensation or benefits. Plaintiff further agrees that the representations and understandings set forth in this paragraph have been relied upon by Defendant and constitute consideration for Defendant's execution of this Agreement.

18. <u>Successors and Assigns</u>. The terms of this Agreement shall be binding upon the Parties and their agents, employees, successors, assigns, and insurers.

19. <u>Headings</u>. The various headings used in this Agreement are inserted for convenience only and shall not affect the meaning or interpretation of the Agreement or any provision of it.

20. <u>Severability</u>. If any word, clause, phrase, sentence, or paragraph of this Agreement is declared void or <u>unenforceable</u>, such portion shall be considered independent of, and severable from, the remainder, the validity of which shall remain unaffected.

21. <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which shall constitute together one in the same instrument, and will be effective upon execution by all Parties. Facsimile signatures shall be deemed original signatures for all purposes.

22. <u>Notice</u>. Any notices required under this Agreement shall be served upon the Parties via facsimile and U.S. Mail as follows:

<u>Plaintiff's Counsel</u>:

Cheryl Legare
Buckley & Klein, LLP
Promenade II, Suite 900
1230 Peachtree Street N.E.
Atlanta, Georgia 30309
Tel:   (404) 781-1100
Fax:   (404) 781-1101

<u>Defendant's Counsel</u>:

Emily Burkhardt Vicente
Hunton & Williams LLP
Bank of America Plaza
Suite 4100
600 Peachtree Street, NE
Atlanta, Georgia 30308-2216
Tel:   404.879.1205
Fax:   404.602.9014

23.   <u>Third-Party Beneficiaries</u>.  The Parties acknowledge and agree that the terms of this Agreement, including but not limited to, the release of claims by Plaintiff, will inure to the benefit of Defendant and the other Released Parties.

24.   <u>Voluntary Agreement</u>.  This Agreement is executed voluntarily and without any duress or undue influence on the part of or on behalf of the Parties to this Agreement, with the full intent of releasing all claims as described herein.  Each party acknowledges that he/it:  (i) has read this Agreement; (ii) has been represented in the preparation and negotiation of this Agreement by legal counsel of his/its own choice; (iii) has received legal advice by such legal counsel prior to execution of this Agreement, if desired; (iv) understands the terms and consequences of this Agreement and of the releases it contains; and (v) is fully aware of the legal and binding effect of this Agreement.

25.   <u>Execution Date</u>.  The terms of this Agreement as between the Parties are binding upon their execution of this Agreement.  The Parties have executed this Agreement as of the last date set forth below.  Defendant's counsel will send a copy of the fully executed Agreement to Plaintiff's counsel.

**Plaintiff Miguel Tejada**

Dated:  June ____, 2013                                          _____
                                                                                          Miguel Tejada

**Defendant Lowe's Home Centers, Inc.**

Dated:  June ____, 2013                                        Lowe's Home Centers, Inc.

                                                                                                                  _____

                                                                                                                  By:     (Authorized Agent)